```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

ZACHARY RYAN MILLER,

        Plaintiff,

v.                                Civil Action No. 14-29568

CAROLYN W. COLVIN,
Acting Commissioner of the Social
Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are the objections filed on February 24, 2016, by plaintiff Zachary Ryan Miller to the magistrate judge's proposed findings and recommendation.

### I.

On December 11, 2014, plaintiff instituted this action seeking judicial review of the Commissioner's final decision, pursuant to 42 U.S.C. § 405(g).

By standing order this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge. On February 12, 2016, the magistrate judge filed his Proposed Findings and Recommendation ("PF&R"). In the PF&R, the magistrate judge recommends that the Commissioner's final decision be affirmed and this matter dismissed from the docket.

On February 24, 2016, plaintiff timely filed his objections to the PF&R.  Plaintiff objects to the magistrate judge's conclusion that the ALJ adequately considered and weighed the opinion of one of plaintiff's treating physicians, Dr. Kathryn Worthington, and contends that the reasons given by the ALJ for discounting Dr. Worthington's assessment were insufficient.

II.

Every medical opinion reviewed by the ALJ must be considered in accordance with the factors set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d).  Further, under the treating physician rule, an ALJ must generally give relatively more weight to the medical opinions of a claimant's treating physician when determining whether a claimant is disabled.  See 20 C.F.R. § 416.927(c); Russell v. Comm'r of Soc. Sec., 440 F. App'x 163, 164 (4th Cir. 2011).  Indeed, a treating physician's opinions concerning the "nature and severity" of a claimant's impairments are to be given "controlling weight" if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the claimant's] case record[.]"  20 C.F.R. § 416.927(c)(2).

Even if a treating physician's opinion is ultimately adjudged not to be entitled to controlling weight, our court of appeals has explained that "the value of the opinion must be weighed and the ALJ must consider: (1) the physician's length of treatment of the claimant, (2) the . . . frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole[,] and (6) the specialization of the treating physician." Burch v. Apfel, 9 F. App'x 255, 259-60 (4th Cir. 2001) (citing 20 C.F.R. § 404.1527).

### III.

#### A.

The sole issue before the court is whether the decision denying plaintiff's claim for benefits is supported by substantial evidence. See 45 U.S.C. § 405(g). Substantial evidence is evidence "which a reasoning mind would accept as sufficient to support a particular conclusion." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1996)).

In this case, Dr. Worthington's final mental health assessment (the "mental assessment"), filled out on July 29, 2013, received less than controlling weight from the ALJ.  See Transcript at 20-21.  The ALJ concluded that more detailed treatment reports in the record showed that plaintiff's psychological health had improved markedly during treatment, whereas Dr. Worthington opined in her July 29 assessment, with little explanation for the change, that plaintiff was suffering from marked and severe psychological difficulties.  See Transcript at 21 (citing Transcript at 433-35).

B.

Dr. Worthington began treating plaintiff in 2010 for depression, anxiety, obsessive compulsive disorder, and panic attacks.  See Transcript at 266, 269, 311, 313, 392-412.  The record indicates that Dr. Worthington examined plaintiff every few months.  See Transcript at 349, 350, 378, 392-93.

As the ALJ observed, Dr. Worthington's examinations noted improvements in plaintiff's psychological health over the course of treatment.  See Transcript at 348, 351, 360, 362, 368, 372, 374.  Thus, on February 20, 2012, Dr. Worthington observed that treatment was proving "helpful and effective" for plaintiff.  See Transcript at 349.  On March 20, 2012, Dr. Worthington observed that plaintiff's "mood [was] pretty good."

4

See Transcript at 350. On May 5, 2012, she recorded that his mood remained "stable." See Transcript at 354. On September 27, 2012, she recorded that plaintiff was "doing good," and again observed that treatment was proving effective. See Transcript at 378. In February of 2013, Dr. Worthington reported that overall plaintiff felt "happy." See Transcript at 399-401. These improvements manifested in a number of ways -- for instance, plaintiff had been engaging more frequently than before in social activities, see Transcript 20, had started to date, see Transcript 20-21, and was responding well to his prescription for the anti-depression medication Zoloft, see Transcript at 19-21, 386-91, 427.

Dr. Worthington's observations that plaintiff was responding well to treatment are corroborated by other medical evidence in the record. Dr. Leah Hopkins treated plaintiff over the course of several years, from mid-2008 to late 2012. Dr. Hopkins' assessments coincided with Dr. Worthington's, and indicated general improvements in plaintiff's mental health. Thus, as late as October 29, 2012, Dr. Hopkins considered that plaintiff had a "fair" prognosis, see Transcript at 431, and observed that he had "no new complaints," see Transcript at 428.

On July 29, 2013, Dr. Worthington filled out a form "Mental Assessment of Ability to do Work Related Activities,"

5

the aforementioned "mental assessment." See Transcript at 433-36. In that document, Dr. Worthington indicated that "the p[atient] has severe anxiety[,] social phobia[,]" and obsessive compulsive disorder. Transcript at 434. She concluded that plaintiff's psychological ailments would cause moderate difficulties in his ability to deal with the public, use judgment, interact with supervisors, and complete a normal work day and work week without interruption from psychological symptoms. Id. Dr. Worthington further opined that plaintiff's anxiety and social phobia would "distract him when he would be attempting to learn a job," and that his "obsessive compulsive disorder . . . causes him to get stuck at some points of a task." Id.

C.

Plaintiff was entitled to have the opinion of Dr. Worthington, one of his treating physicians, receive controlling weight, as long as it was well-supported by, and not inconsistent with, other evidence in the record. See 20 C.F.R. § 416.927(c)(2). As noted, the ALJ concluded that Dr. Worthington's report was inconsistent with evidence of plaintiff's improved condition, and therefore declined to give the report controlling weight when assessing plaintiff's residual capacity to engage in work. See Transcript at 17.

6

It is the duty of the ALJ to resolve any conflicts or inconsistencies in the evidence, see Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990), and to indicate on the record "the weight given to all relevant evidence." Gordon v. Schweiker, 724 F.2d 231, 233 (4th Cir. 1984). The decision to give a treating physician's opinion less than controlling weight must be explained, see 20 C.F.R. § 416.927(c); Russell, 440 F. App'x at 164; Burch, 9 F. App'x at 259-60, and in cases where the ALJ fails to do so, courts have remanded for further proceedings. See, e.g., Murphy v. Bowen, 810 F.2d 433, 437-38 (4th Cir. 1987) (remand where ALJ accepted one doctor's testimony over that of another with "little or no indication . . . [or] explanation" why); Milburn Colliery Co. v. Hicks, 138 F.3d 524, 533-34 (4th Cir. 1998) (same). When denying an application, the ALJ's decision must contain specific reasons, supported by the evidence in the case record, for the weight given to a treating physician's medical opinion, and must be sufficiently specific to make clear to any subsequent reviewers the weight given and the reasons why. 61 Fed. Reg. 34,490, 34,492 (July 2, 1996).

Upon review of the record, the court concludes that the ALJ here gave "good reasons . . . for the weight [he] g[a]ve [plaintiff's] treating source's opinion," 20 C.F.R. § 404.1527(c)(2), and his analysis was thorough, detailed, and

7

supported by evidence in the record.  Because substantial evidence supports the ALJ's determination, the court concludes that it should be upheld.

To begin, the ALJ explained that Dr. Worthington's opinion was entitled to less than controlling weight because it was inconsistent with Dr. Worthington's own treatment notes. Transcript at 19-21.  As previously stated, Dr. Worthington found plaintiff to be consistently improving, albeit with occasional setbacks, see Transcript at 354.  Indeed, Dr. Worthington recorded as recently as May 15, 2013, that plaintiff was feeling "very happy," see Transcript at 394-96, although on that date Dr. Worthington also noted that plaintiff's panic attacks had increased in severity and duration.  Id.  Other of Dr. Worthington's reports, made prior to the mental assessment, likewise indicate that plaintiff generally had a "pretty good" or "good" mood, was alert and oriented, and behaved in a socially-appropriate and pleasant, even clever, manner.  See Transcript at 349, 351-52, 354-56, 360, 363, 372, 376-77, 394, 396, 408, 410, 413.  Likewise, Dr. Hopkins, who saw plaintiff approximately every six months, observed in her reports that plaintiff appeared alert, behaved appropriately, and appeared undistressed.  See Transcript 315, 324, 332, 336, 342, 428-29. Accordingly, the ALJ concluded that Dr. Worthington's unduly

restrictive conclusions in the mental assessment were sharply inconsistent with other materials in the record. Transcript at 19-21. See Burch, 9 Fed. App'x at 260 (in light of significant and unexplained discrepancies between treating physician's final opinion and his treatment notes, the ALJ properly gave diminished weight to opinion); cf. 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.").

Further, the ALJ was concerned that Dr. Worthington's opinion was presented in a form report, upon which Dr. Worthington merely checked boxes without providing explanations or clinical evidence in support of her findings. See Transcript at 433-35; see also, e.g., McGlothlen v. Astrue, No. 11-148, 2012 WL 3647411, at *6 (E.D.N.C. Aug. 23, 2012) ("[F]orm reports . . . are arguably entitled to little weight due to the lack of explanation[.]"); Bishop v. Astrue, No. 10-2714, 2012 WL 951775, at *3 n. 5 (D.S.C. Mar. 20, 2012) ("'[F]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.'") (quoting Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)). Yet, while Dr. Worthington's mental assessment lacked any detail or clinical evidence in support thereof, her earlier, more positive findings, as well as

9

those of Dr. Hopkins, were presented with significantly greater detail, explanation, and clinical evidence. <u>See</u> Transcript at 392-414 (Dr. Worthington's earlier, detailed reports), 427-432 (Dr. Hopkins' reports, containing considerable detail as well).

The ALJ also pointed out evidence in the record showing that plaintiff attended appointments alone, played basketball with friends, maintained relationships with his family, had performed work activity in the past with few problems, and went on dates. Transcript at 14, 17-20 (<u>citing</u> Transcript at 53-54, 198-99, 266, 399). Finally, the ALJ observed that plaintiff behaved and responded to questions appropriately at the administrative hearing without difficulty. Transcript at 20.

Although Dr. Worthington, as one of plaintiff's treating physicians, was perhaps entitled to relatively more weight than that of other sources of evidence, the court concludes, in view of the foregoing, that the ALJ's decision to give Dr. Worthington's opinion less than controlling weight was supported by substantial evidence. The court would further observe that, although the ALJ did not give controlling weight to Dr. Worthington's opinions, for the reasons set forth above, the ALJ nevertheless found that plaintiff retained a somewhat restrictive residual functional capacity that accounted for all

10

of plaintiff's psychological limitations, based in part on Dr. Worthington's mental assessment and earlier treatment records. See Transcript at 17. Specifically, the ALJ limited plaintiff to only simple, low stress work with very limited social interaction, in light of his psychological problems. Id. Thus, although Dr. Worthington's opinion did not receive controlling weight, the ALJ refrained from giving it no weight.

IV.

For the reasons stated, and having reviewed the record de novo, the court ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein;

2. That plaintiff's motion for judgment on the pleadings be, and it hereby is, denied;

3. That the Commissioner's motion for judgment on the pleadings be, and it hereby is, granted;

4. That the Commissioner's final decision be, and it hereby is, affirmed;

5. That judgment be, and it hereby is, granted in favor of the Commissioner; and

6. That this civil action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: March 31, 2016

John T. Copenhaver, Jr.
United States District Judge